**MILLER, Plaintiff-Appellant, v. STACY, Defendant-Appellee.**

Ohio Appeals, Second District, Greene County.

No. 574. Decided October 29, 1956.

Schlafman & Elliott, Fairborn, for plaintiff-appellant.
Jacobson, Durst, Pollak & Jacobson, Dayton, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal from a judgment of the Common Pleas Court for the defendant entered upon a verdict of a jury. Nine errors are assigned:

1. That the verdict of the jury is against the manifest weight of the evidence.

2. The verdict of the jury was contrary to the law.

3. The verdict of the jury was based on prejudice against Rufus Miller.

4. The court erred in overruling Rufus Miller's motion for judgnotwithstanding the verdict.

5. The court erred in overruling the plaintiff's motion for a new trial.

6. The court erred in admitting into evidence Defendant's Exhibits C. D and E, over objection of counsel for plaintiff.

7. The court erred in admitting into evidence matters pertaining to plaintiff's divorces from his first and second wife, over objection of counsel for plaintiff.

8. The court erred in refusing to give Plaintiff's special instructions numbers 9 and 11.

9. The court erred in refusing to grant judgment to plaintiff at the end of defendant's case.

We hold that assignments of error Nos. 2, 4 and 9 are not well made without comment.

We state the facts upon which the issues arose that the other errors assigned may be understandable.

The defendant signed and swore to an affidavit charging the plaintiff with forgery. He was arrested, detained and required to give bond for his release. The matter pended for several months and was dismissed on the motion of the Prosecuting Attorney. Thereafter, plaintiff instituted action against defendant grounded upon the charge of malicious prosecution.

The defendant offered testimony at length respecting the information upon which he acted in making the affidavit against plaintiff. Plaintiff also testified at length as to his innocence of the charge, that he had nothing to do with the forgery and knew nothing about it. He had the benefit of the dismissal of the charge against him. **Douglass v. Allen, 56 Oh St 156; Gaiser v. Hurleman, 74 Oh St 271;** Liebland v. Cleveland Electric Co., 4 O. C. C. N. S. 516.

It appears that a check was drawn for the sum of $55.91, signed by United States Discount Service by Kenneth W. Evans, payable to Rufus Stacey's Grocery and endorsed by Rufus Stacey's Grocery. One Clay Oney, who was in the employ of plaintiff, was indicted and convicted for the forgery of the check heretofore described. The check was cashed by a driver of a bread company which did business with plaintiff. Defendant inquired of plaintiff if he knew anything about the check who replied that he did not. Later, Oney confessed, in writing, to a Deputy Sheriff of Greene County in the presence of the Sheriff and another implicating the plaintiff and saying that he had gotten $25.00 of the proceeds of the check. The Deputy Sheriff testified that he informed the defendant of the confession of Oney. The defendant made no inquiry of Oney as to the forgery and Oney did not testify. Defendant also interviewed the driver of the bakery wagon who cashed the check.

It was the theory of plaintiff, fully developed in the evidence, that the prosecution against him was the result of malicious intent of the defendant, resulting largely from the fact that the parties were competitors in the grocery business with stores on opposite corners of intersecting streets and the inability of defendant to purchase a lot from plaintiff and later his business.

Plaintiff, in chief, testified that he had been convicted, sentenced and served some time in Kentucky for the offense of grand larceny. He denied or said that he did not remember having been convicted of other offenses in Kentucky. The defendant offered and the Court received in evidence defendant's Exhibits C, D and E which were certified copies of entries in cases wherein the State of Kentucky was the plaintiff and one, Rufus Miller, the defendant, disclosing convictions of Rufus Miller of the offenses of house-breaking, hog stealing and carrying a concealed weapon. The defendant claimed that the Rufus Miller named in the copies of the entries was another of the same name as plaintiff. The certificates to the copies of entries were made by the Clerk of Courts of the court in which the entries were made. Defendant also developed on cross-examination that the plaintiff had twice been divorced for his aggression and by stipulation that the last decree was for his grossneglect.

The plaintiff submitted two interrogatories to the jury which with the answers (2) disclosed that the defendant did not act without probable cause in signing the affidavit against plaintiff and (1) that defendant did not act maliciously in signing the affidavit.

We consider assignment of error No. 6 which questions the right of the defendant to introduce his Exhibits C, D and E in the manner

in which they were proffered and contends that the evidence pertaining to the divorces was not properly admitted. We can not find that objection or exception was noted to the admission of the evidence as to the divorces.

Defendant, in support of the admission of the certified copies of the entries in the criminal cases, cites §2317.42 R. C. We doubt if this statute authorizes the acceptance of the evidence. However, it is well recognized, in general, that properly authenticated copies of judicial records are admissible in evidence where the evidence is competent and relevant. 32 C. J. Evidence, pages 514, 517; 20 Am. Jur. Evidence, page 847. In Ohio, the 3rd syllabus of **Harper v. State, 106 Oh St 481**, supports the admissibility of the evidence in the form in which it was tendered.

Assignment of error No. 3, is that the verdict was based on prejudice against the plaintiff. Inasmuch as we find no evidence improperly admitted and it was at variance, there is no sufficient support for this contention.

No. 8 is that the Court erred in refusing to give to the jury plaintiff's special instructions Nos. 9 and 11. No. 9 is to the effect that a discharge of a person by virtue of §2945.72 R. C. is a bar to further prosecution for the same offense by virtue of §2945.73 R. C. No. 11 is a charge on the effect of an acquitaal of the charge of forgery. The former is incomplete. Neither was controlling of any material issue.

No. 5 is that the Court erred in overruling plaintiff's motion for a new trial. The assignment is not well made. If the damaging evidence as to the prior convictions of Rufus Miller related to another than plaintiff and he had support for that fact, it could have been set up in the motion as newly discovered evidence. This was not done.

Assignment No. 1 is that the judgment is against the manifest weight of the evidence.

The case for and against the defendant having been fully developed the principal and controlling issues were want of probable cause to justify the defendant in making the affidavit against plaintiff and, if found in favor of plaintiff, was the action taken against him maliciously done. Unfortunately for plaintiff both interrogatories were answered in favor of the defendant. The interrogatories went to the two vital issues in the case and the jury had the right to evaluate them for or against the plaintiff. Want of probable cause is the gist of the action. **White v. Tucker, 16 Oh St 168** and malice becomes material only if want of probable cause appears. **Melanowski v. Judy, 102 Oh St 153.**

Finding no error in the trial of the cause to the prejudice of plaintiff in any of the particulars assigned, the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.